United States District Court
Eastern District of New York

------------------------------------X

Luis Morales,
Janet Morales,

        *Plaintiffs,*

   - against -

Carlos Rodriguez Torres,
YJ&J Express Corporation,

        *Defendants.*

------------------------------------X

**Memorandum & Order**

No. 26-cv-2977 (KAM) (CHK)

**Kiyo A. Matsumoto, United States District Judge:**

On May 19, 2026 Defendants Carlos Rodriguez Torres ("Torres") and YJ&J Express Corporation (collectively, "Defendants") filed a Notice of Removal ("Notice") removing this action from the Supreme Court of the State of New York, Kings County to this Court. (ECF No. 1 at 1-3.)  For the reasons set forth below, this case is sua sponte remanded to the state court.

### BACKGROUND

Plaintiffs Luis Morales and Janet Morales,("Plaintiffs") allege that on March 31, 2025 they were injured when the motor vehicle they were in was struck by a motor vehicle owned by YJ&J Express Corporation and operated by Torres in the course of his employment.  (ECF No. 1-1 (Compl.) at 3-4.)  Plaintiffs' complaint

1

states that they have "sustained economic loss in excess of 'basic economic loss' as defined in §5102(a) of the Insurance Law of the State of New York" and "that the amount of damages sought herein exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction[,]" but does not specify any specific damages amount. (*Id.* at 4.) Defendants invoke diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the basis for federal subject matter jurisdiction. (ECF No. 1, ¶ 9.) Defendants' Notice alleges that Plaintiffs are citizens of New York while Defendants are citizens of New Jersey. (*Id.* ¶¶ 3-4, 6-8.) With respect to the amount in controversy, the Notice states only that "the amount in controversy allegedly exceeds $75,000." (*Id.* ¶ 9.) Thus far, Plaintiffs have not filed a motion for remand.

## DISCUSSION

As a threshold matter, the Court first must address whether it may remand this case to the state court sua sponte, absent a motion from Plaintiff. The relevant statute, 28 U.S.C. § 1447(c), states in pertinent part: A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under [S]ection 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. *Id.* The Second Circuit has construed

2

this statute as authorizing a district court, at any time, to remand a case sua sponte upon a finding that it lacks subject matter jurisdiction. *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133–34 (2d Cir. 2006) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).

Here, as in all cases removed to the federal courts, the removing party has the burden of establishing that the amount in controversy exceeds the $75,000 jurisdictional threshold mandated by 28 U.S.C. § 1332(a). *See Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994); *see also Abbo-Bradley v. City of Niagara Falls*, 73 F.4th 143, 148 (2d Cir. 2023). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Lupo*, 28 F.3d at 273–74. The Second Circuit has cautioned district courts to "construe the removal statute narrowly, resolving any doubts against removability." *Stemmle v. Interlake Steamship Co.*, 198 F. Supp. 3d 149, 156 (E.D.N.Y. July 27, 2016) (quoting *Lupo*, 28 F.3d at 274).

In this case, Defendants fail to meet their burden to show that the $75,000 jurisdictional amount required for diversity jurisdiction has been satisfied, as they assert only that "the

3

amount in controversy allegedly exceeds $75,000," (ECF No. 1, ¶ 9), without providing any factual allegations to support this conclusion. Furthermore, here, "Defendant[s] cannot meet [their] burden by relying on inferences drawn from [Plaintiff's complaint], because the [c]omplaint does not allege a damages amount." *Herrera v. Terner*, No. 16-CV-4610 (DLI) (JO), 2016 WL 4536871, at *2 (E.D.N.Y. Aug. 30, 2016). Plaintiffs allege only that "the amount of damages sought herein exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction." (ECF No. 1-1, at 4.) This mention of the "lower courts" is a reference to the lower civil courts of New York, which may not entertain actions seeking to recover more than $25,000, and not a reference to the federal district courts. *See Woodley v. Mass. Mut.*, No. 08-CV0-0949 (NRB), 2008 WL 2191767, at *2 (S.D.N.Y. May 23, 2008) (remanding case for failure to satisfy jurisdictional amount where defendants relied solely on ad damnum clause in complaint stating that plaintiff was seeking damages in excess of the "monetary jurisdiction of all lower [c]ourts") (internal citation omitted); *see id.* at *2 n.3 (collecting cases).

Finally, neither the Complaint nor the Notice contain any further information specifying the nature and/or extent of Plaintiff's injuries that would permit this Court to draw a reasonable inference that the amount in controversy requirement has been satisfied. Plaintiffs' general boilerplate allegations

that they "became sick, sore, lame, and disabled; sustained serious and painful injuries to their bodies, limbs, nerves, and nervous systems; suffered great pain and suffering; some of which injuries are permanent in nature; were compelled to and did undergo medical treatment; and suffered loss of enjoyment of life," and that as a result of this they had "sustained a 'serious injury' as defined in §5102(d) of the Insurance Law of the State of New York." (ECF No. 1-1, at 4). These allegations are not enough.

Under Section 5102 of the New York Insurance Law, basic economic loss is defined as "up to fifty thousand dollars per person." N.Y. Ins. Law § 5102. Therefore, Plaintiffs' general allegations of economic loss do not, on their own, satisfy the required jurisdictional amount. *See Herrera*, 2016 WL 4536871, at *2 (remanding case because "boilerplate" allegations based on Article 51 of New York Insurance Law "do not suffice to establish that this action involves an amount in controversy adequate to support federal diversity jurisdiction").

Accordingly, the Court finds that Defendants's allegations in their Notice are insufficient to support the exercise of federal subject matter jurisdiction. Remand to the state court is therefore proper. *See, e.g., Woodley*, 2008 WL 2191767, at *2.

## CONCLUSION

For the foregoing reasons, this case is **REMANDED** to New York State Supreme Court, Kings County, under Index No. 513820/2026, for lack of federal subject matter jurisdiction.


**So ordered.**

Dated:    June 2, 2026
             Brooklyn, New York

                                       **Kiyo A. Matsumoto**
                                       United States District Judge
                                       Eastern District of New York